983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard E. MAUL, Plaintiff-Appellee,
v.
Dr. Evan CONSTAN, Anthony A. Metzcus and Richard Gore,
Defendants-Appellants.
 No. 91-2569.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 16, 1992.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Maul brought this civil rights action alleging that while he was incarcerated at Indiana's Westville Correctional Center, the defendants gave him antipsychotic drugs against his will in violation of his First, Eighth and Fourteenth Amendment rights. The district court held a bench trial after which it concluded that the defendants' failure to conduct an internal review prior to the forcible administration of antipsychotic medication deprived Maul of his liberty without due process. The court awarded Maul $7,500 against each defendant individually, for a total of $22,500. On appeal, we upheld the district court's finding of liability, but remanded the case for clarification of the basis for its damage award. Maul v. Constan, 928 F.2d 784 (7th Cir.1991).
 
 
 2
 On remand, the district court explained that it awarded Maul damages for his injuries flowing from the absence of an internal review, not from the potential side effects of the antipsychotic medication. The court stated:
 
 
 3
 The first paragraph rejected Mr. Maul's demand for damages on a much larger scale than was awarded. That demand was based on the potential side effects of the antipsychotic drugs administered to him. Mr. Maul's proof at trial included evidence that he has begun to show signs of suffering from those side effects; he sought compensation for those injuries. Such an award would be appropriate, however, only if the drugs should not have been administered in any event, and the court could not so find. The evidence at trial led the court to conclude that Mr. Maul needed the medications in the past, and that the prescriptions were (at least apart from Mr. Maul's objections) appropriate. Accordingly, the potential side effects did not constitute damages flowing from the breach of Mr. Maul's due process rights, and the court rejected the claim for an award of damages to compensate him for those potential side effects.
 
 
 4
 Even setting aside the potential side effects, however, Mr. Maul suffered damages as a result of the due process violation. The absence of any internal review mechanism left Mr. Maul without any recourse to the treatment that Dr. Constan mandated. That Mr. Maul disagreed with that course of treatment is evident from the use of force to administer the medication. Mr. Maul still may have disagreed even if a review procedure upheld Dr. Constan's proposed course of treatment, but it is more likely than not that such a procedure would have reduced the vigor of Mr. Maul's disagreement. The decision to use antipsychotic drugs on Mr. Maul would not have rested in the hands of a single man. The possibility that the schizophrenic Mr. Maul still would have resisted physically and required forcible injection cannot be disregarded, but the court, after observing Mr. Maul at trial, reviewing the medical records, and hearing the trial testimony of Dr. Wilson, believes it is more likely that the reassurance of an internal review process would have reduced Mr. Maul's resistance, consequently reducing the force used upon him. (emphasis added).
 
 
 5
 The court went on to modify its judgment, making the defendants jointly and severally liable for the original amount of the award.
 
 
 6
 In this appeal, the defendants contend that Maul is not entitled to compensatory damages because he failed to produce evidence that he was actually injured by the denial of procedural due process. We are constrained to agree. In Carey v. Piphus, 435 U.S. 247 (1977), the Supreme Court held that "although mental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983, ... neither the likelihood of such injury nor the difficulty of proving it is so great as to justify awarding compensatory damages without proof that such injury actually was caused." Id. at 264. Moreover, where a deprivation is justified but the procedures are deficient, the distress one feels may be due to the justified deprivation instead of deficiencies in procedure. Id. at 263. As a result, the plaintiff must "convince the trier of fact that he actually suffered distress because of the denial of procedural due process itself." Id. Absent proof of actual injury, the denial of procedural due process is actionable for nominal damages. Id. at 266; see Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308 n. 11 (1986); Hessel v. O'Hearn, No. 91-3469, slip op. at 3 (7th Cir. Oct. 6, 1992); Domegan v. Ponte, 972 F.2d 401, 407 n. 10 (1st Cir.1992).
 
 
 7
 The district court found that while Maul needed the antipsychotic medication and his prescriptions were appropriate, an award of $22,500 in compensatory damages was justified because an internal review procedure "more likely than not" would have reduced his resistance and made his treatment seem fairer. After a careful review of the record, we conclude that the court's damage award was clearly erroneous. See Hagge v. Bauer, 827 F.2d 101, 109 (7th Cir.1987). Maul's feeling of unfair treatment did not eliminate the need for requiring him to show actual injury. See Carey, 435 U.S. at 261-64. No such showing was made in this case. Maul never testified that he was affected emotionally by the lack of a review procedure, and no other testimony concerning mental distress was introduced. The fact that the defendants used force against Maul in administering the medication was merely a circumstance of the procedural violation, and constituted insufficient evidence of actual injury. See Biggs v. Village of Dupo, 892 F.2d 1298, 1305 (7th Cir.1990). In view of this insufficiency, the district court's award of $22,500 in compensatory damages in favor of Maul is REVERSED, and the case is REMANDED to the district court for an assessment of $1.00 in nominal damages against the defendants.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record